Kenneth H. STALANS, Petitioner,

v.

NATIONAL SECURITY AGENCY, Respondent,

**Merit Systems Protection Board, Intervenor.**

No. 81–1493.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 5, 1982.

Decided March 18, 1982.

Donald Feige, Towson, Md., Richard J. Reinhardt, Baltimore, Md., for petitioner.

Vieto T. Potenza, National Sec. Agency, Washington, D. C. (J. Frederick Motz, U. S. Atty., Paul R. Kramer, Deputy U. S. Atty., Baltimore, Md., William J. Hamill, Asst. Gen. Counsel, Personnel and Sec., National Sec. Agency; Jay L. Cohen, Capt. USAF, National Sec. Agency on brief), for respondent.

Mary M. Jennings, Merit Systems Protection Bd. (Evangeline W. Swift, Gen. Coun-

sel, Jane M. Edmisten, Deputy Gen. Counsel, Washington, D. C., Calvin M. Morrow, Merit Systems Protection Bd. on brief), for intervenor.

Before HAYNSWORTH, Senior Circuit Judge, and MURNAGHAN and ERVIN, Circuit Judges.

MURNAGHAN, Circuit Judge:

The Merit Systems Protection Board (reversing a decision by the Presiding Official of the Washington, D. C. Field Office of the Board) found that behavior of Kenneth H. Stalans was such that his discharge would promote the efficiency of the service. *See* 5 U.S.C. § 7513(a).

Stalans, a long-time employee occupying an elevated position of extreme sensitivity with the National Security Agency of the United States Government, was determined to have engaged in sexual activity with his minor daughter. Bearing in mind the inevitable and inherent risks in work of the nature which Stalans performed, the confidentiality of the information to which he would continue to have access, and the impracticality of his remaining employed if denied clearance and access to classified information, the Merit Systems Protection Board was fully within its authority, supported by substantial evidence,[1] and not arbitrary or capricious in reaching its determination that, in the interests of promoting the efficiency of the service, the discharge of Stalans should not be reversed or modified. The Board committed no abuse of discretion and did not depart from law or regulation. The misconduct reflected adversely on Stalans' trustworthiness. *See* 5 U.S.C. § 7703(c). Accordingly, we affirm.

AFFIRMED.

---

1. The question to which substantial attention was devoted in the briefs of the parties of whether the test is purely one of substantial evidence or is to be cast in terms of rational basis need not be pursued. On either approach, the Board's determination was sustainable.