**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RAYMOND SLAYTON,
    Appellant,

   v.

DEPARTMENT OF AGRICULTURE,
    Agency.

DOCKET NUMBER
SF-0752-17-0370-I-1

DATE: February 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jennifer Duke Isaacs</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Julie Rook Gold</u>, Esquire, and <u>Kevin L. Owen</u>, Esquire, Silver Spring,
 Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1  The agency has filed a petition for review of the initial decision, which reversed the appellant's removal. For the reasons discussed below, we GRANT the agency's petition for review, REVERSE the administrative judge's finding that the agency failed to establish a nexus between the sustained misconduct and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the efficiency of the service, FIND that the agency established nexus by preponderant evidence and that the penalty of removal is within the tolerable limits of reasonableness, and SUSTAIN the appellant's removal.

¶2   The appellant was removed for conduct unbecoming a Federal employee after intimately touching a female coworker without her consent while they were both off-duty in the appellant's apartment, which, due to the remote nature of the worksite at the Tongass National Forest in Thorne Bay, Alaska, was leased from the agency and which was located on property owned by the agency. Initial Appeal File (IAF), Tab 8 at 16, 24-25, 76, 100-04; Hearing Transcript Day 1 (HT-1) at 66; Hearing Transcript Day 2 (HT-2) at 43, 46. The appellant appealed his removal to the Board. IAF, Tab 1. After holding a hearing, the administrative judge issued a November 29, 2017 initial decision finding that, although the agency proved its charge by preponderant evidence, it failed to prove that a nexus existed between the sustained misconduct and the efficiency of the service. IAF, Tab 26, Initial Decision (ID) at 3-12, 20-24. Accordingly, she reversed the appellant's removal and ordered the agency to provide interim relief in accordance with 5 U.S.C. § 7701(b)(2)(A) if either party filed a petition for review. ID at 24-26.

¶3   The agency has filed a petition for review of the initial decision arguing that the administrative judge erred in finding that it failed to establish the required nexus. Petition for Review (PFR) File, Tab 7. It also argues that the removal penalty was reasonable. *Id*. The appellant has filed a response to the agency's petition for review, to which the agency has replied. PFR File, Tabs 9-10.

## DISCUSSION OF ARGUMENTS ON REVIEW

The agency is in compliance with the administrative judge's interim relief order.

¶4   With its request for an extension of time to file a petition for review, the agency submitted a certification of its compliance with the interim relief order. PFR File, Tab 1 at 15-21. The agency filed a December 20, 2017 letter instructing the appellant to return to work on January 2, 2018, a Standard

Form 52 requesting the appellant's interim appointment to his former GS-9 Biological Science Technician position with an effective date of November 29, 2017, and timesheets reflecting the appellant's administrative leave pay status from November 29, 2017, through the date of the agency's submission. *Id*. The agency asserts that, although the appellant was appointed to a different duty location, a return to his prior duty station would be unduly disruptive because his position at the prior location was abolished. *Id*. at 17.

¶5    In response to the agency's petition for review, the appellant, among other things, challenges the agency's compliance with the interim relief order. PFR File, Tab 9 at 6-8. Specifically, he argues that the agency's contention that his prior position at the prior location was abolished is "demonstrably false," the agency failed to restore his forest protection officer (FPO) status, it restricted his ability to perform his job duties by limiting his access to a certain computer network drive, and it only provided funding for his position for 20 days.[2] *Id*.

¶6    We find that the agency has proven that it complied with the administrative judge's interim relief order. The Board has held that an interim relief order generally requires that an appellant be returned to the position from which he was separated, effective as of the date of the initial decision, unless the agency determines that this action would unduly disrupt the work environment. *Chavies v. Department of the Navy*, 104 M.S.P.R. 81, ¶ 4, n.1 (2006). Here, it is

---

[2] Following the agency's reply to the appellant's response to its petition for review, the appellant filed a motion for leave to file a surreply. PFR File, Tab 12. Such a pleading is generally not allowed absent approval by the Office of the Clerk of the Board based upon a party's motion describing the nature of and need for the pleading. *See Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 8 n.1 (2016); 5 C.F.R. § 1201.114(a)(5). Here, although the appellant argues that a surreply is necessary to address the agency's "mischaracterizations" of the interim relief order and to "clarify" his allegations concerning the agency's failure to provide interim relief, he has not contended that the agency failed to reinstate him. PFR File, Tab 12 at 4. As explained below, the agency provided proper certification that it reinstated the appellant and made an undue disruption determination regarding his duty location consistent with the interim relief order and 5 U.S.C. § 7701(b)(2)(A). Thus, we discern no need for this additional pleading. Accordingly, the appellant's motion for leave to file a surreply is denied.

undisputed that the agency returned the appellant to his GS-9 Biological Science Technician position and that the agency made an undue disruption determination with respect to his duty location. PFR File, Tab 1 at 17-19. Such relief is consistent with 5 U.S.C. § 7701(b)(2)(A), (B). *See Costin v. Department of Health and Human Services*, 72 M.S.P.R. 525, 533 (1996) (confirming that an agency may, as part of an undue disruption determination, detail, assign, and transfer an employee to a different duty location). Further, it is well settled that the Board lacks the authority to review the merits of the agency's undue disruption determination. *King v. Jerome*, 42 F.3d 1371, 1374-75 (Fed. Cir. 1994); *Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 6 (2007), *aff'd*, 301 F. App'x 923 (Fed. Cir. 2008); *Byers v. Department of Veterans Affairs*, 89 M.S.P.R. 655, ¶ 5 (2001). Thus, the Board may not consider the appellant's claim that the basis of the agency's undue disruption determination is "demonstrably false."

¶7      The appellant's remaining arguments amount to an assertion that the agency has not provided status quo ante relief. PFR File, Tab 9 at 6-8. Interim relief is not intended as a status quo ante remedy. *See Parbs*, 107 M.S.P.R. 559, ¶ 6; *Moreno v. Department of the Air Force*, 61 M.S.P.R. 396, 398 (1994) (explaining that interim relief is intended to preserve only a limited aspect of the employment relationship by prospectively returning the appellant to duty and pay status from the date of the initial decision). Because the record reflects that the agency returned the appellant to duty in a pay status in the same position he previously held and made an undue disruption determination regarding his duty location, we find that the agency complied with the interim relief order. *See* 5 U.S.C. § 7701(b)(2)(A),(B); 5 C.F.R. § 1201.111(c)(1).

The agency proved that a nexus exists between the sustained misconduct and the efficiency of the service.

¶8      As explained above, the administrative judge reversed the appellant's removal based on her finding that the agency failed to establish a nexus between

the appellant's off-duty misconduct and the efficiency of the service. ID at 20-24. The nexus requirement, for purposes of whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest. *Scheffler v. Department of the Army*, 117 M.S.P.R. 499, ¶ 9 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). An agency may show a nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Id.*, ¶ 10; *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).

¶9        Examples of misconduct so egregious as to create a rebuttable presumption of nexus include drug trafficking and child molestation. *See Brook v. Corrado*, 999 F.2d 523, 527-28 (Fed. Cir. 1993); *Allred v. Department of Health and Human Services*, 786 F.2d 1128, 1130-31 (Fed. Cir. 1986). The administrative judge found that the appellant's misconduct was not so egregious as to create a presumption of nexus. ID at 20-21. The agency does not challenge this finding on review, and we discern no reason to disturb it. PFR File, Tab 7.

¶10       Regarding the third means of establishing nexus—that the misconduct interfered with or adversely affected the agency's mission—the Board has held that, absent a finding that the conduct was directly opposed to the agency's mission, a finding that the conduct was contrary to the agency's culture and values does not warrant a finding of nexus. *See Scheffler*, 117 M.S.P.R. 499, ¶ 12. In the initial decision, the administrative judge found that the agency failed to offer any evidence to establish that the appellant's off-duty misconduct interfered with or adversely affected the agency's mission. ID at 21. The agency

similarly does not challenge this finding on review, and we discern no reason to disturb it. PFR File, Tab 7.

¶11 Regarding the second means of establishing nexus—preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance—the administrative judge concluded that there was no evidence that the appellant's or the female coworker's performance was adversely affected by the off-duty misconduct and that the deciding official's conclusion that he lost confidence in being able to place the appellant in a remote setting was undermined by the fact that the appellant was reassigned to another remote setting. ID at 22-23. We disagree with the administrative judge's analysis.

¶12 The female employee testified that she was uncomfortable around the appellant, that she "didn't even feel safe just being in the bunkhouse across the street from him," and that she was placed on administrative leave and effectively paid for a week of work without having to perform any duties. HT-1 at 34-37. She also testified that, although her appointment expired shortly after the incident, she would not return to Alaska because she physically would not feel comfortable there and that she "lost interest in working for the agency" as a result of the incident. HT-1 at 45-46. Thus, the appellant's misconduct had an adverse impact on the female coworker's job performance. Concerning the appellant's performance, following the incident, the agency placed him on administrative leave and then reassigned him to a position 50 miles away. HT-1 at 86. This reassignment had an impact on his job performance, as he took on a new position at a new duty location. Additionally, this reassignment to a new location supports the deciding official's statement that he lost trust in the appellant's ability to perform his duties in the same remote location. IAF, Tab 8 at 32-33; HT-2 at 49, 70.

¶13 Moreover, because of the nature of their work, agency employees often reside on its property in apartments leased from the agency in close proximity to

one another. IAF, Tab 8 at 31; HT-2 at 43, 46. We conclude that the appellant's off-duty misconduct, which involved inappropriate and unwanted sexual contact with a coworker, could negatively impact how agency employees live and work in this setting. *See Doe v. National Security Agency*, 6 M.S.P.R. 555, 562 (1981) (stating that the deleterious effect of the misconduct at issue on the efficiency of the service may be either presently existent or reasonably foreseeable), *aff'd sub nom. Stalans v. National Security Agency*, 678 F.2d 482 (4th Cir.1982). Based on the foregoing, we find that the agency proved by preponderant evidence that the misconduct at issue here adversely affected the appellant's and his coworker's performance and that the agency legitimately lost trust and confidence in the appellant's ability to perform his duties. Accordingly, we reverse the administrative judge's finding in this regard and find that the agency proved by preponderant evidence that a nexus exists between the appellant's off-duty misconduct and the efficiency of the service.[3]

The agency proved by preponderant evidence that the penalty of removal is within the tolerable limits of reasonableness.

¶14      In addition to proving its charge and nexus by preponderant evidence, the agency must also establish that the penalty of removal is within the tolerable limits of reasonable.[4] *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 18 (2013); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306-07 (1981). Here, because of the administrative judge's disposition of the appeal below, she did not consider the penalty. Remand is not necessary to resolve this issue, however, because the record is sufficiently developed on the penalty issue to fully

---

[3] To not find nexus under the facts here would create a strange dichotomy in which agencies are obligated to address sexual misconduct that occurred between coworkers on duty but would not feel compelled to address sexual misconduct that occurred between coworkers off duty.

[4] As briefly stated above, the administrative judge found that the agency proved its charge of conduct unbecoming a Federal employee by preponderant evidence. ID at 3-12. Neither party challenges this finding on review, and we discern no reason to disturb it.

consider it here. *See Lednar v. Social Security Administration*, 82 M.S.P.R. 364, ¶ 15 (1999).

¶15     When, as here, all of the charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010). The Board's function is not to displace management's responsibility or to decide what penalty it would impose, but to assure that management's judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001); *Douglas*, 5 M.S.P.R. at 306. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeds the bounds of reasonableness. *Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20.

¶16     Here, in making his decision regarding the disciplinary action against the appellant, the deciding official prepared a document addressing the application of the *Douglas* factors[5] to the appellant's situation and also testified about the penalty selection during the hearing. IAF, Tab 8 at 29-34; HT-2 at 42-54. He stated that the agency has a duty to maintain a safe working environment at all of its facilities and for all of its employees and that the appellant's misconduct, although off-duty, was disruptive to that safe environment. IAF, Tab 8 at 30-31; HT-2 at 46-47. The deciding official concluded that the appellant's misconduct was serious, particularly given the unwanted "skin-to-skin contact" underneath the female coworker's clothes. IAF, Tab 8 at 30; *see* HT-2 at 43. Of particular importance to the deciding official was the remote nature of the work site and the close proximity in which employees worked and lived and the misconduct's impact on agency operations. IAF, Tab 8 at 31; HT-2 at 45-46. As such, he

---

[5] In *Douglas*, the Board set forth a nonexhaustive list of 12 factors that are relevant for consideration in determining the appropriateness of a penalty. 5 M.S.P.R. at 305-06.

stated that he lost trust and confidence that the appellant could live and work in such a setting without engaging in the same conduct in the future, which would affect agency operations. IAF, Tab 8 at 32-33; HT-2 at 45-46, 49, 70.

¶17    In considering the appellant's potential for rehabilitation, the deciding official explained that, although the appellant appeared remorseful in the immediate aftermath of the incident, even calling the female coworker the following day to apologize, the appellant appeared to "recant[]" that remorse, assert that he had "implied consent," and "blame" the female coworker during the disciplinary proceedings. IAF, Tab 8 at 33. Thus, the deciding official stated in his *Douglas* factors analysis that he had "little confidence" that the appellant would refrain from similar misconduct in the future. *Id*.

¶18    The deciding official also considered relevant mitigating factors, such as the appellant's lack of a prior discipline, his 13.5 years of service with the agency, and his superior performance ratings.[6] *Id*. at 31; HT-2 at 47-48. The deciding official also considered the substantial support the appellant received from coworkers who provided statements on the appellant's behalf but noted that none of the statements came from employees in supervisory or managerial positions. IAF, Tab 8 at 32; HT-2 at 48, 70. Furthermore, the deciding official explained that he considered alternative penalties, including a last-chance agreement and an "extensive or substantial suspension," but he concluded that the

---

[6] The deciding official also considered the appellant's assertions from his reply to the notice of proposed removal. In his reply, the appellant offered as a mitigating factor the fact that he was intoxicated prior to the incident. IAF, Tab 8 at 34. However, the deciding official reasoned that, although the appellant was intoxicated, he nonetheless was aware of his actions and knew they were inappropriate. *Id*.; HT-2 at 50. The appellant also asserted in his reply that he was aware that the female coworker had consensual sexual interactions with other members of the community at other times, but the deciding official concluded that these people were not agency employees, nor were the female coworker's actions in another circumstance relevant to the appellant's interaction with her in this appeal. IAF, Tab 8 at 34; HT-2 at 50-51. Accordingly, the deciding official did not consider either of these arguments to be mitigating factors. IAF, Tab 8 at 34; HT-2 at 49-51.

only way to ensure that such misconduct did not occur again was to remove the appellant from Federal service. HT-2 at 52; *see* IAF, Tab 8 at 34.

¶19 Based on the foregoing, we find that the agency proved by preponderant evidence that the deciding official considered all the relevant factors and exercised managerial judgment and discretion in imposing the penalty of removal. As such, the agency's penalty determination is entitled to deference. *See Jackson v. Department of the Army*, 99 M.S.P.R. 604, ¶ 4 (2005); *Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20.

¶20 We further find, given the seriousness of the offense, which, again, involved the unwanted skin-to-skin sexual touching of a coworker, the remote nature of the appellant's work, and the deciding official's loss of trust and confidence in the appellant's ability to live and work in such a setting without creating a disruptive and unsafe environment, that the penalty of removal is within the tolerable limits of reasonableness. *See Brown v. Department of the Navy*, 229 F.3d 1356, 1358, 1363-64 (Fed. Cir. 2000) (affirming a removal of a Morale, Welfare, and Recreation Department employee based on a charge of improper personal conduct involving an off-duty consensual affair with the spouse of a deployed military officer); *Martin v. Department of Transportation*, 103 M.S.P.R. 153, ¶ 13 (2006) (explaining that the most important *Douglas* factor is the nature and seriousness of the offense and its relation to the employee's duties, position, and responsibilities), *aff'd*, 224 F. App'x. 974 (Fed. Cir. 2007); *Stephens v. Department of the Air Force*, 58 M.S.P.R. 502, 506 (1993) (stating that even a single instance of indecent and disgraceful conduct involving sexual contact toward a coworker can support a penalty of removal; there need not be a pattern of such behavior before removal is reasonable). In reaching our conclusion regarding the reasonableness of the removal, we have considered the appellant's length of service, his positive performance appraisals, and the support of his coworkers, but find that those factors do not outweigh the factors supporting removal.

¶21    Accordingly, we sustain the appellant's removal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.