**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RENEE NELSON,

      Appellant,

    v.

DEPARTMENT OF THE ARMY,

      Agency.

DOCKET NUMBER
PH-1221-16-0453-W-1

DATE: March 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Renee Nelson, Silver Spring, Maryland, pro se.

David W. Claypool, Esquire, Silver Spring, Maryland, for the agency.

Paul N. Bley and Lauren Ruby, Falls Church, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant made a nonfrivolous allegation that one of her disclosures was protected, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a GS-12 Program Analyst stationed at the agency's National Museum of Health and Medicine (NMHM). Initial Appeal File (IAF), Tab 1 at 1, Tab 14 at 8. She filed an IRA appeal with the Board and did not request a hearing. IAF, Tab 1 at 1, 10-12. The administrative judge issued an order notifying the appellant that the Board might not have jurisdiction over her appeal and informing her of her jurisdictional burden. IAF, Tab 9 at 1-6. He ordered the appellant to file a statement detailing the elements of her claim, including a list of each protected activity and personnel action that she was claiming. *Id.* at 7-8. The appellant responded by filing more than 400 pages of documentation that she previously submitted to the Office of Special Counsel (OSC) and explaining that the information that the administrative judge requested was contained therein. IAF, Tab 11.

After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the bases that the

appellant failed to make a nonfrivolous allegation that her claimed activity was protected under the Whistleblower Protection Act (WPA), and that she failed to identify any personnel action in which that activity might have been a contributing factor. IAF, Tab 15, Initial Decision (ID) at 3-6. Specifically, he found that the appellant's OSC complaint did "not clearly identify what alleged protected disclosures she made, when she made them, and to whom, nor what personnel actions allegedly resulted." ID at 3. However, he was able to glean from OSC's close-out letter that the appellant was primarily alleging reprisal for disclosures that she made in a March 2014 letter to the Commanding General of the U.S. Army Medical Research and Materiel Command (MRMC). ID at 3; IAF, Tab 4 at 41, Tab 11, Subtab B at 16-19. The administrative judge found that the letter chiefly concerned allegations of discrimination and harassment, which are outside the purview of the Board's IRA jurisdiction, as well as personal complaints and grievances that did not rise to the level of whistleblowing activity. ID at 3-4. He further found that the appellant's claimed personnel actions either predated the disclosure or did not constitute personnel actions within the meaning of 5 U.S.C. § 2302(a)(2)(A). ID at 4-6.

The appellant has filed a petition for review, disputing the administrative judge's analysis. Petition for Review (PFR) File, Tab 1 at 2-29. Along with her petition, the appellant has filed more than 500 pages of documentation that she characterizes as new and material evidence. *Id.* at 2, 6-8, 30-536. The agency has responded to the petition for review, PFR File, Tab 3, and the appellant has filed a reply to the agency's response, PFR File, Tab 4. After the close of the record on review, the agency moved for leave to submit a motion to reject the appellant's reply as untimely. PFR File, Tab 5. The appellant opposes the agency's motion. PFR File, Tab 7.

## ANALYSIS[2]

First we address the agency's motion for leave to oppose the appellant's reply as untimely. PFR File, Tab 5. The agency filed its response to the petition for review electronically on September 14, 2017, PFR File, Tab 3, and it appears that the appellant filed her reply by mail 14 days later on September 28, 2017, PFR File, Tab 4 at 17. There is only a 10-day window to file a reply to a response to a petition for review, but this time period is measured from the date the response is served—not the date it is filed. 5 C.F.R. § 1201.114(e). The appellant was not a registered e-filer, and there appears to be a dispute of fact about the date that the agency served her its response by mail. PFR File, Tab 7; *see* 5 C.F.R. § 1201.4(j), (*l*) (date of service by mail is generally determined by postmark). Additionally, 5 C.F.R. § 1201.23 provides that 5 days are added to a party's deadline for responding to a document served on the party by mail. However, in the interest of adjudicatory efficiency, we decline to resolve this dispute because the outcome of this appeal would be the same regardless of whether we granted the agency's motion. Therefore, the motion is denied.

The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).

In this case, neither below nor on review has the appellant clearly explained what protected disclosures or activities she is claiming or what personnel actions she is alleging. In particular, she has not provided any such information in list format as the administrative judge directed her to do. IAF,

_____

[2] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

Tab 9 at 7-8. Because the alleged agency wrongdoing that she identifies all seems to be directed at her, it is difficult to discern what she is claiming as a protected disclosure and what she is claiming as a personnel action. The Board does not expect pro se appellants to plead issues with the precision of an attorney, *Goodnight v. Office of Personnel Management*, 49 M.S.P.R. 184, 187 (1991), but its ability to address a pro se appellant's claims may be limited to the extent that her claims are unclear.

On petition for review, the appellant attempts to clarify her claims by presenting a timeline of events. PFR File, Tab 1 at 8-10. The appellant states that she began her protected activity in the spring of 2013 by making complaints to the NMHM Director and Chief Administrator. *Id.* at 8. However, the appellant does not explain the nature of these complaints, and to the extent that they are in writing, she has not provided us sufficient information to locate them in the record. *See* 5 C.F.R. § 1201.114(b) (providing that a petition for review must be supported by specific references to the record). We therefore find that she has not made a nonfrivolous allegation that these complaints constituted protected disclosures.

Next, the appellant claims that she sent emails to the NMHM Director and Chief Administrator on October 1, 2013, November 20, 2013, and January 23, 2014, concerning violations of her privacy rights and contractors overstepping their authority and violating ethical rules. PFR File, Tab 1 at 5-6, 8-9. We have located these emails in the record and reviewed them, but we find that they do not even arguably evidence any category of wrongdoing under 5 U.S.C. § 2302(b)(8). IAF, Tab 11, Subtab B at 31-36. Rather, they concern workplace disagreements, alleged rude behavior by coworkers, and allegedly unfair criticism that the appellant received from her supervisor and others. *Id*. We find that the appellant has not made a nonfrivolous allegation that these disclosures were protected. *See Horton v. Department of the Navy*, 60 M.S.P.R. 397, 401-02 (1994), *aff'd*, 66 F.3d 279 (Fed. Cir. 1995).

Next, the appellant identifies a February 24, 2014 letter that she sent to the MRMC Personnel Advisory Center, requesting intervention and information on how to file a complaint against the agency and the contractor. PFR File, Tab 1 at 9. We have reviewed this letter, and we find that it is of the same general nature as the three letters discussed in the preceding paragraph. IAF, Tab 11, Subtab B at 2. The appellant stated in this letter that the agency was violating her rights under the Privacy Act, 5 U.S.C. § 552a, but she provided no explanation of her bare assertion. We therefore find that she has not made a nonfrivolous allegation that she reasonably believed that this disclosure evidenced a violation of law or any other form of wrongdoing under 5 U.S.C. § 2302(b)(8). *See Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 11 (2014) (stating that a bald allegation of wrongdoing without any details is insufficient to constitute a nonfrivolous allegation of a protected disclosure); *see, e.g., Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 11 (2012).

The appellant also identifies letters dated March 11, May 1, and July 14, 2014, that she asserts she sent to the MRMC Commanding General. PFR File, Tab 1 at 9. We have located and reviewed these letters as well. IAF, Tab 11, Subtab B at 16-29. These three letters largely pertain to the same workplace disputes and allegedly unfair criticism as do the other letters described above, as well as discrimination, reasonable accommodation, and equal employment opportunity (EEO) matters that, as the administrative judge correctly found, provide no basis for jurisdiction under the WPA. ID at 4; *see Applewhite v. Equal Employment Opportunity Commission*, 94 M.S.P.R. 300, ¶ 13 (2003); *see also McCray v. Department of the Army*, 2023 MSPB 10, ¶¶ 20-22; *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 21-23. However, we find that the March 11, 2014 letter also contains one allegation of a violation of law that may have constituted a protected disclosure. Specifically, the appellant alleged that her supervisor sent a copy of her official personnel record to a contractor. IAF, Tab 11, Subtab B at 17. Construing this pro se appellant's claim generously, we

find that she made a nonfrivolous allegation that she reasonably believed the agency violated 5 U.S.C. § 552a(b), which generally prohibits the disclosure of records such as personnel files without the consent of the person to whom the records pertain. *See Huffman v. Office of Personnel Management*, 92 M.S.P.R. 429, ¶ 13 (2002) ("Any doubt or ambiguity as to whether the appellant has made a nonfrivolous allegation of a reasonable belief should be resolved in favor of" a finding that jurisdiction exists). Our conclusion is further supported by the report of an agency investigator who found the appellant's supervisor did, in fact, disclose a portion of the appellant's personnel file to a contractor in violation of the Privacy Act. IAF, Tab 14 at 40.

Nevertheless, we agree with the administrative judge that the appellant has not identified any personnel action to which the agency subjected her after March 11, 2014. ID at 4-6. The administrative judge acknowledged that, after the Commanding General received her letter, the agency conducted an Army Regulation 15-6 Investigation. ID at 3. However, as the administrative judge correctly found, neither the conduct of the investigation nor the report of investigation constituted "personnel actions" under 5 U.S.C. § 2302(a)(2)(A).[3] ID at 5; *see Sistek v. Department of Veterans Affairs*, 955 F.3d 948, 955 (Fed. Cir. 2020) (concluding that "retaliatory investigations, in and of themselves, do not qualify as personnel actions" under the whistleblower protection statutory scheme). We also find that the appellant did not nonfrivolously allege that the investigation was pretext for gathering evidence to use to retaliate against her.

---

[3] The appellant herself requested the investigation. IAF, Tab 11, Subtab B at 22. We note that the National Defense Authorization Act for Fiscal Year 2018, Pub. L. 115-91, 131 Stat. 1283 (2017), amended 5 U.S.C. § 1214 by adding a provision authorizing the Special Counsel to petition the Board for damages reasonably incurred during a retaliatory investigation. 5 U.S.C. § 1214(i). However, this provision did not alter the definition of "personnel action" under 5 U.S.C. § 2302(a)(2)(A), and in fact preserves an explicit distinction between investigations and personnel actions. *Id.*

*See Sistek*, 955 F.3d at 956-57; *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 21 (2012); *Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 7 (2007).[4]

The appellant lists numerous other allegedly retaliatory actions that the agency took against her, including violating her privacy rights, sabotaging her EEO complaint, and interfering with her workers' compensation claim. PFR File, Tab 1 at 5, 12-28. But the appellant's arguments and assertions are limited in terms of the details necessary to determine whether these matters, either alone or together, could constitute the kind of personnel action covered under the whistleblower statute. *See* 5 U.S.C. § 2302(a)(2)(A) (listing covered personnel actions); *see Rebstock v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 12 (2015) (agreeing with the administrative judge that vague, conclusory, and unsupported allegations of a personnel action do not satisfy the Board's nonfrivolous pleading standard); *Godfrey v. Department of the Air Force*, 45 M.S.P.R. 298, 202 (1990) (finding that "generalized assertions and fears unsupported by reference to any specific matter," are insufficient to establish a personnel action). In addition, even if we were to assume that the appellant nonfrivolously alleged that these matters constituted at least one covered personnel action, the appellant has not explained with sufficient clarity when the purported personnel actions happened so that we can determine if they occurred after the appellant's March 11, 2014 disclosure, and therefore could have been taken in reprisal for the disclosure.[5] *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015) (finding that a disclosure that occurred

---

[4] In the initial decision, the administrative judge cited to the agency's evidence in analyzing whether the investigation constituted a nonfrivolous allegations of a personnel action. ID at 5. After the issuance of the initial decision, the Federal Circuit clarified, in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020), that "[t]he Board may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor to an adverse personnel action." To the extent that the administrative judge improperly considered the agency's evidence, any such error is harmless. Based on the appellant's allegations alone, we find that she has not nonfrivolously alleged that the investigation was a personnel action.

after a personnel action could not have been a contributing factor in the personnel action); *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 27 (2011) (same).

The appellant also makes several arguments that appear to relate to whether the agency could prove, by clear and convincing evidence, that it would have taken personnel actions against her notwithstanding her disclosures. PFR File, Tab 1 at 2-4, 11-12, 16, 20, 27-29. However, the Board will reach this issue only after the appellant has established jurisdiction over her appeal and proven her prima facie case, which, for the reasons explained above and in the initial decision, she has not. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000); *Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016).

Finally, the appellant asserts, without explaining, that the 506 pages of documentation that she submitted with her petition for review were unavailable before the close of the record below and support her allegations of reprisal. PFR File, Tab 1 at 2, 6-8, 30-536. As an initial matter, absent a specific explanation of how any particular portion of this voluminous documentation might affect the outcome of this appeal, the Board will not pore through all of it in search of an answer. *See Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 10 (2015). Furthermore, to the extent that we have looked over this documentation, we find that it consists entirely of the appellant's own written arguments, documents that predate the initial decision, documents already contained in the case file, and copies of handbooks, statutes, and regulations. PFR File, Tab 1 at 30-546; *see Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶ 9 (2008) (determining that evidence predating the close of the record was not shown to have been previously unavailable), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009);

---

[5] The appellant provides several other dates in her petition for review which seem to correspond to dates on which she alleges that she made disclosures, not the dates on which she suffered allegedly retaliatory personnel actions. *E.g.*, PFR File, Tab 1 at 5-6, 8-11, 14-15, 23.

*Borowski v. Department of Agriculture*, 40 M.S.P.R. 372, 376 (1989) (finding that argument does not constitute evidence); *Doe v. National Security Agency*, 6 M.S.P.R. 555, 559 (1981) (recognizing that copies of statutes and regulations are not evidence), *aff'd sub nom. Stalans v. National Security Agency*, 678 F.2d 482 (4th Cir. 1982); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new). For these reasons, we find that the appellant has not established the existence of any new and material evidence to provide a basis for granting the petition for review under 5 C.F.R. § 1201.115(d).

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.